20-826
*Rosales-Ortega v. Garland*

BIA
McCarthy, IJ
A202 027 590/591

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August,\
two thousand twenty-two.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges.*

_____

MARITZA ROSALES-ORTEGA, J. E. A-R,

> *Petitioners,*

> v.                                                     No. 20-826
>                                                          NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

**FOR PETITIONERS:**          Paul B. Grotas, The Grotas Firm, P.C., New York, NY.

**FOR RESPONDENT:**          Jeffrey Bossert Clark, Acting Assistant Attorney General; Claire L. Workman, Senior Litigation Counsel; Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Maritza Rosales-Ortega and her minor child, both natives and citizens of Honduras, seek review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *See In re Maritza Rosales-Ortega, J. E. A-R*, Nos. A202 027 590/591 (B.I.A. Feb. 5, 2020), *aff'g* Nos. A202 027 590/591 (Immig. Ct. N.Y. City Apr. 18, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's

2

factual findings for substantial evidence, *see Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014), and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). We review the agency's legal conclusions and the application of law to facts de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum and withholding of removal, "an applicant must show that he or she is unable or unwilling to return to his or her country of nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021); *see also* 8 U.S.C. §§ 1101(a)(42); 1158(b)(1)(B)(i). An applicant must therefore satisfy two elements: the first is to show persecution, and the second is to demonstrate that the basis of the persecution is a protected ground. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67 (2d Cir. 2002); *see also* 8 C.F.R. §§ 1208.13(b)(1), (2), 1208.16(b)(1)(i), (2).

Here, even if Rosales-Ortega could establish that she suffered past conduct severe enough to constitute persecution or had a well-founded fear of future persecution, she fails to establish a persecutive motive on account of a protected

3

ground. She claims to be a member of two family-based social groups comprising of "the wife of Julio Ordon" and "a family of someone who was kidnapped and killed." Certified Admin. Record at 58. The IJ also sua sponte considered another social group described as "cooperating witnesses to crimes who cooperated with authority and whose cooperation was known." *Id.* at 78. "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of her membership in that group." *Paloka*, 762 F.3d at 195 (citations and internal quotation marks omitted). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

The record contains no evidence – direct or circumstantial – showing that gang members did or would target Rosales-Ortega on account of her family relationships. *Id*. Instead, the record indicates that the threats she allegedly received from gang members stemmed from the fact that she was an eyewitness of her uncle's kidnapping. Rosales-Ortega also fails to establish her membership in the social group of cooperating witnesses because she never reported her uncle's

4

kidnapping to the police. *See Paloka*, 762 F.3d at 195. Because Rosales-Ortega did not demonstrate that she was or would be targeted on account of her family ties or cooperation with police, even assuming those proposed groups were cognizable, she fails to establish her eligibility for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i), 1231(b)(3)(A); *Paloka*, 762 F.3d at 195. Accordingly, we need not address the agency's alternative determination that the social groups Rosales-Ortega claims to be a member of are not cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We also note that Rosales-Ortega did not testify to any facts that would support her fear of persecution on account of her purported anti-gang opinion. *See Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 203 (2d Cir. 2021) (requiring an applicant who is asserting an anti-gang political opinion to "differentiate [her]self from all persons who suffer harm from civil disturbances or widespread criminality" by offering, for example, "evidence that [the gang] possesses an ideology or stance that [s]he opposes, that [s]he has a particular stake in how gangs operate, or a position on how governance in [Honduras] ought to occur" (citation

5

and internal quotation marks omitted)).  We therefore will not consider or remand for consideration of Rosales-Ortega's unexhausted anti-gang opinion claim.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

We have considered all of Petitioners' remaining arguments and find them to be without merit.   Their petition for review is therefore **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court